(68 App. Div. 200.)

## NAPIER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. RAILROADS—ACTION FOR INJURIES—MEDICAL TESTIMONY—RELEVANCY.

Where a doctor examined plaintiff four months after he was hurt, and after another doctor had been attending him, it was not improper to ask such doctor what he found from his examinations, since it could not be determined whether the conditions which he found were or could have been caused by the accident until they were stated.

2. SAME—RELEVANCY—CAUSAL CONNECTION.

Where a doctor testified that he examined plaintiff four months after an accident, and after another doctor had been attending him, and that he found a certain swelling of the hip, and plaintiff testified that he was hurt on that hip, and most of his hurt was in that part of his body, it was sufficiently shown that the injury testified to by the doctor resulted from the accident, so as to make the doctor's testimony relevant.

3. SAME—EXCESSIVE DAMAGES.

Where, in consequence of defendant's negligence, plaintiff's left leg had become an inch shorter than the right, and the cartilage of the hip joint was wasting away, and plaintiff had become a victim to a permanent, progressive disease, which would cripple him more and more as it progressed, a verdict of $3,500 was not excessive.

Appeal from trial term, Kings county.

Action by Frank Napier against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

I. R. Oeland, for appellant.
Martin P. Lynch, for respondent.

PER CURIAM. This is a negligence suit, in which only two points are presented upon the brief for the appellant: (1) That the injuries described by Dr. Nafis, a witness for the plaintiff, found four months after the accident, were not shown to have resulted from the accident; and (2) that the verdict of $3,500 is excessive for the injuries proven.

After Dr. Nafis testified that he first saw the plaintiff on the 21st or 22d of October, 1899, the accident having occurred on the 30th of June in that year, the witness was asked, "What did you find from your examination?" This question was objected to "as after Dr. Cruikshank had attended him, as incompetent, immaterial, and not connected with the injury." The objection was overruled, and an exception taken. This ruling was entirely correct. The question merely called for the results of the doctor's examination. It could not be made to appear whether the conditions which he found were caused by the accident, or could have been caused by the accident or not, until they were stated. Among the results of the examination, as described by the witness, was the existence of a swelling of the left hip. This was clearly connected with the injury, as the plaintiff himself had testified that he was hurt on the hip, and that most of his hurt was in that part of his body. It is true that Dr. Nafis testified to some other conditions that were not directly shown to have any relation to the accident; but, if the learned counsel who represented the appellant upon the trial had deemed this evidence objectionable, he should have moved to strike it out. His failure to do this leaves the defendant without any tenable exception, so far as this branch of the case is concerned. There was a motion at the end of the case to strike out all the testimony in regard to the injury to the plaintiff's hip, on the ground that it had not been connected with the accident at all; but, as has already been pointed out, it was precisely this injury that was most clearly connected with the collision by which the plaintiff was hurt. The motion was restricted in its terms, and was not broad enough to include the other testimony of Dr. Nafis, to which we have referred.

If the jury believed the medical evidence for the plaintiff (entirely excluding from consideration the testimony of Dr. Nafis, which might have been stricken out if an appropriate motion had been made), we cannot say that they erred in their award of damages. That evidence not only showed that the plaintiff's left leg had become an inch shorter than the right, in consequence of the accident, but that the cartilage of the hip joint was wasting away, and that the plaintiff had become a victim of a gradually progressive disease, permanent in character, which would ultimately destroy the cartilage that covers the neck of the thigh bone, and tend to cripple him more and more. We think the judgment must be affirmed.